## HOWARD *vs.* RAMSAY.—June, 1826.

Replevin for goods and chattels taken in the house of the plaintiff the 20th February 1822. The defendant avowed the taking, &c. because one J. J. for two years ending the 22d August, 1821, and from thence until, &c. held and enjoyed the said house, as a sub-tenant thereof, to one W. M. he being the assignee of one S. R. of a lease before then assigned to S. R. by one N. R. the lessee in a demise made by the defendant and J. G. H. her then husband, to N. R. on the 22d August, 1801, under a rent of $100, payable on the 22d August annually, for the term of 99 years, &c. And because $200 of the said rent, for two years ending the 22d August, 1821, was due and in arrear under said demise by defendant and her husband, who, seized of the premises only in right of the defendant, died the 25th of November 1819, the defendant avowed the taking the said goods and chattels as for distress for said rent so due to her. To this avowry the plaintiff pleaded three pleas—1. That the defendant did not demise the house, &c. in manner and form as is in the avowry alleged. 2. That said J. J. did not hold and enjoy the house as tenant thereof to the defendant, under the supposed demise thereof in the avowry mentioned, in manner and form, &c. 3. That there was no rent in arrear, &c. To the first two pleas the defendant demurred, and took issue on the third—*Held,* first, that the first plea was bad in substance, because the demise stated in the avowry was a joint demise by defendant and her husband, and the plea traversed a demise by the defendant only, which was the tender of an immaterial issue that would not be cured by the verdict. *Held,* secondly, that the second plea was good, because the demise it referred to and traversed, was the joint demise by defendant and her husband, stated in the avowry, and by the avowry J. J. was sufficiently, though indirectly, asserted to be the tenant whose goods were subject to the distress; and that if by the avowry it appeared that

J. J. was in no degree, and for no purpose, the tenant of the avowant, the avowry itself would be had. *Held,* thirdly, that as the second plea, which was ruled good on the demurrer, went to the whole cause of action of the avowant, it was necessary to try the issue in fact joined on the third plea.

In *covenant* there must be a perfect privity between plaintiff and defendant, but such privity is not necessary to make one's goods liable to a distress for rent as a tenant. A distress is rather a remedy upon the land demised, than against the person of a tenant, although some tenancy must be shown to sustain it.

APPEAL from *Baltimore* County Court. Replevin. The case is fully stated in the opinion delivered 'by this court. It was argued at last June term, before BUCHANAN, Ch. J. and EARLE, STEPHEN, ARCHER, and DORSEY, J.

*Mitchell,* for the Appellant. This is an appeal from *Baltimore* county court in an action of replevin brought for various articles of furniture distrained by *Mary W. Howard* for rent in arrear. The avowry justifies the taking, &c. in a dwelling-house of the avowant, because one *John Ilgenfritz,* for the space of two years ending on 22d August 1821, and from thence until the time when, &c. held and enjoyed the said dwelling-house as sub-tenant to *W. M'Mechen.* That *M'Mechen* was assignee of a lease for 99 years, given by Mrs. *Howard and her husband,* to one *Reynolds,* on the 22d day of August 1801. That her husband died on the 25th of November 1819, and that he was seized of the premises *only in her right, &c.* To this avowry, *Ramsay,* the plaintiff below, pleaded three pleas. 1. That the said *Mary* did not devise *in modo et forma* 2. That *John Ilgenfritz* did not hold and enjoy the said premises as *tenant thereof to the said Mary,* under the said demise, in manner and form, &c. 3. That no part of the said rent was in arrear from the said *Ilgenfritz* as alleged, &c. To the *two* first pleas the avowant demurs, and joins issue on the *third.* At the trial, the court having heard the demurrers, first gave judgment overruling the demurrers, and immediately proceeded to enquire the damages for the plaintiff, and to give *final judgment* for him, *without proceeding to try the issue at all.* It was moved at the trial, by the defendant, that the issue in fact should first be tried before final judgment rendered, but the court refused; and to this refusal the defendant's counsel

tendered a bill of exceptions, which the court refused to sign or seal; and of these proceedings the defendant complained, and insists they are all erroneous.

1. Because the demurrers ought to have been sustained—To the *first* plea, because it does not answer any matter stated in the avowry. The defendant averred a demise from *James G. Howard* and *Mary Howard.* The plea only denies a *demise* from *Mary Howard* alone, which is materially different. The avowry sets out a *joint* interest. The plea only denies a *separate* interest or title. *Mary Howard,* being a *feme covert,* could not have demised such an estate; without joining her husband, it would have been void. The defendant laid a good demise. The plaintiff does not deny that such a demise was made, and could if proved, have sustained the avowry; but sets up a *void* demise, which the avowant could not have proved. The plea, therefore, was substantially defective; for if the avowant had taken issue upon it, it would have been a departure from the avowry, and so might have been demurred to by the party tendering the issue. As to the *second* plea, the demurrer ought not to have been overruled, for the same reasons. It being laid in the avowry that *Ilgenfritz* held and enjoyed under a joint demise, and the plea merely denying that he held under a *separate demise,* &c. The one averring a *joint* title, and the other denying only a separate and exclusive title.

2. But if the court were right in their judgment upon the demurrers, they erred in giving judgment in chief *without trying the issue in fact* joined upon the *third* plea, because the third plea was not disposed of by their judgment upon the two first. The two first pleas, if correct, only traversed the demise, and the *third* plea expressly admits the demise as laid in the avowry, and the holding and enjoyment of the said *Ilgenfritz* under it; and an admission of these facts upon the record, is conclusive against the plaintiff. The two pleas might be true, in point of fact, and yet the question be open as to the points involved in the third. The two first pleas only deny a separate demise from *Mary Howard,* and the demurrers admit there was no such demise; but then the third plea admits that *Ilgenfritz* held under a joint demise from *James G. Howard* and *Mary Howard,* as laid in the avowry, but avers

there was *no rent* in arrear upon this *joint lease*.    The questions were, therefore, materially distinct, and the avowant would have been entitled to judgment if she could have proved rent in arrear upon this joint lease, notwithstanding the judgment upon the demurrers.    That a plea of *"nothing in arrear,"* admits the demise as laid, was decided by the supreme court of the *U. S. in Alexander vs. Harris,* 4 *Cranch*, 299, and cases there cited.    That the issues *must* be disposed of before a final judgment on demurrers.    5 *Com. Dig.* 483, tit. *Pleader*, (Q. 1.)

The court below erred, therefore, ·1. In overruling the demurrers.    2. In giving final judgment without disposing of the issue in fact, or giving some judgment upon that issue by entry of *non pros* or otherwise.

*Glenn*, for the Appellee.    The special causes of demurrer to the first and second pleas are abandoned; and the only question on the demurrers is, whether both of those two first pleas are bad in substance.    1. Is the first plea bad?    At common law a lease, by husband and wife, of wife's land, if made by parol, was absolutely void.    *Walsall vs. Heath, Cro. Eliz.* 656.    And if by writing, was voidable by wife, or her heirs.    ·*Chambers on Leases.* 221, 222.    But by stat. 32, *Hen.* VIII. *ch.* 28, leases made in writing by husband and wife, are good and effectual against the lessors, their heirs and successors, &c.

This statute remedies the defect of the common law, and gives the lessee an estate for the term, rendering rent to husband during joint life of himself and wife, and after death of wife, to her heirs.    *Hill vs. Saunders,* 2 *Bingh.* 116, per *Best*, Ch. J.  The lease then of husband and wife, of wife's land, is in fact, after husband's death, the lease of the wife, the rent being reserved to her and her heirs, and the husband, by the above statute, being restricted from alienating beyond the coverture.  But by the stat. of 11 *Geo.* II. *ch.* 19, the landlord being dispensed from setting out his title altogether, and only required to aver an enjoyment by a tenant of the lands under a demise, *during the time in which the rent distrained for incurred,* and which rent still remains due; and all pleadings being only required to answer the *legal effect* of anterior pleading.    In this case the rent distrained for having incurred during the time when Mrs.

*Howard* was sole seized of the premises demised, the legal effect of the avowry is a demise by her of the premises during the time the rent incurred became due; and for this reason the plea that she did not demise, in the manner by her alleged, is good. Moreover the true import and effect of this plea *non demisit,* is that the relationship of landlord and tenant did not exist between the avowant and the supposed tenant of the avowant; and of course a plea *that avowant did not demise, as by her is above alleged,* is a full answer to her statement of a demise of her lands by *baron* and *feme,* and that *baron* died, and she survived him, before any of the rent claimed became due.

2. But suppose the appellee is wrong on this point, the second plea is unquestionably good. It is this, that *Ilgenfritz* did not hold as tenant of *Mary Howard* under the supposed demise thereof in said avowry mentioned, in manner and form as she hath alleged in her avowry. Could he have pleaded that he did not hold as tenant of Mrs. *Howard* and her husband? No: Because her husband was dead before any rent claimed in this suit became due. How was the appellee then liable? Only as tenant of Mrs. *Howard,* who survived; of course the only proper plea must be—not tenant of Mrs. *Howard,* whose tenant was *Ilgenfritz* when the rent became due. If the rent had been due for a time before *baron's* death, perhaps this plea might be bad; but surely where the claim is by Mrs. *Howard* alone for rent due to her alone, the only answer must be that the appellee is not her tenant; and in fact it is utterly impossible to frame any other plea to meet the case. About this then there can be no doubt; and either plea to the avowry being good, the avowant is defeated; for let it be remembered, that in replevin both parties are plaintiffs or actors, and where the avowant avows for rent he becomes peculiarly a plaintiff; and if any one plea of a tenant be good or sustained, the avowant or plaintiff is defeated. To put an instance of a plaintiff in an ordinary suit. He declares in debt, defendant pleads *nit debet* and *limitations,* and the last plea is found for defendant, he has judgment, although the plaintiff succeeds on the first. So here the appellee succeeding on one plea, which goes to the whole case, the avowant or plaintiff is altogether defeated.

3. The issue in fact was not tried, nor was it proper to try

it.   *Tidd* in his practice 684, says, where there is an issue in fact and an issue in law, and the issue in law goes to the whole cause of action, and be determined against the plaintiff, it is conclusive, and there is no necessity to try the issue in fact. This is in point upon this plea; and the ingenious reasoning of the appellant's counsel would answer very well if there was no such thing as pleading double; but he knows we can plead double to an avowry; and that if a precedent plea go to the whole avowry, there can be no necessity to try another one going only part.   The plea of *riens in arrere* alone does admit the demise, but when with this plea no demise is also pleaded by leave of the court, the demise is not admitted.   This double pleading is for the benefit of the defendant.   There is no averment in the avowry of rent due to *baron* and *feme*.   The two years rent is averred to grow due *after baron's death, where he was seized only in right of feme during the coverture,* of course by the avowants own shewing nothing is due while the lease was joint and the rent jointly due.

*Curia adv. vult.*

EARLE, J. at this term, delivered the opinion of the court. This appeal presents the case of a replevin founded on a distress for rent.   The plaintiff, *Robert Ramsay*, declared for taking his goods and chattels on the 20th of February 1822, in his house, situate on the *Baltimore and York Turnpike Road* in *Baltimore* county.   *Mary W. Howard*, the defendant, avowed the taking the goods and chattels in the declaration mentioned, in the dwelling-house of the plaintiff, because one *John Ilgenfritz* for a long time, to wit, for the space of two years ending on the 22d of August 1821, and from thence until, &c. held and enjoyed the said dwelling-house, as a subtenant thereof to one *William M'Mechen*, the said *William* being the assignee of one *Samuel Reynolds*, of a lease or demise before then assigned to the said *Samuel* by one *Nicholas Reynolds*, the lessee named in a demise or lease made to the said *Nicholas*, as lessee, by her the said *Mary W. Howard*, and *James G. Howard*, her then husband, on the 22d of August 1801, under a certain rent of $100, payable on the 22d of August in each and every year, for the term of 99 years from thence next ensuing, over and above all taxes and assessments

whatever. And because $200 of the rent aforesaid, for the space of two years ending on the 22d of August 1821, was due and in arrear, by virtue and under the said demise by her, and her husband *James G. Howard,* who seized of the premises only in right of his wife, died on the 25th of November 1819, she avowed the taking the said goods and chattels, in the said dwelling-house, as and for and in the name of a distress for the said rent, so due and in arrear to her the said *Mary W. Howard.* The plaintiff pleaded three distinct pleas to this avowry. They are as follow: "And the said plaintiff, as to the said avowry of the said *Mary* saith, that the said *Mary,* by reason of any thing by her in that behalf alleged, ought not to avow the taking of the said goods and chattels in the said place in which, &c. and justly, &c. because he says, that the said *Mary* did not demise the said premises in which, &c. in manner and form as the said *Mary* hath above in said avowry alleged; and this the said *Robert* prays may be inquired of by the country. And for further plea in this behalf, by leave of the court here first had and obtained, according to the form of the statute in such case made and provided, the said *Robert* comes and says, that the said *Mary,* by any thing in the said avowry alleged, ought not to avow the taking of the said goods and chattels in the said place in which, &c. and justly, &c. because he says, that said *Ilgenfritz* did not hold and enjoy the said premises in which, &c. with the appurtenances, as tenant thereof to the said *Mary,* under the said supposed demise thereof in the said avowry mentioned, in manner and form as the said *Mary* hath above in her said avowry in that behalf alleged; and this he, the said *Robert,* prays may be inquired of by the country, &c. And for further plea in this behalf, by leave of the court here first had and obtained, according to the form of the statute in such case made and provided, the said *Robert* says, that the said *Mary,* by any thing in her said avowry contained, ought not to avow the taking of the said goods and chattels, in the said place in which, &c. to be just, because he says, that no part of the said supposed rent, in the said avowry mentioned, was or is in arrear from the said *Ilgenfritz* to the said *Mary,* in manner and form as the said *Mary* hath in her said avowry in that behalf alleged; and this he, the said *Robert,* prays may be inquired of by the country, &c."

To the two first of these pleas, the defendant demurred specially, and assigned for cause of demurrer, that the conclusion of the said pleas is to the country, and ought to have concluded with a verification, and that they are both otherwise informal, &c. And to the third plea to the avowry the defendant joined issue with the plaintiff.

The court below overruled the demurrers, and immediately charged the attending jury to inquire into the damages sustained by the plaintiff, *Robert Ramsay*, by reason of the unlawful taking and unjust detention of the goods and chattels in the declaration mentioned, who in an inquisition returned assessed the same to one cent damages, and costs, &c. On this finding the court gave final judgment, and refused to direct the jury to be sworn to try the issue in fact upon the third plea, upon the ground that the judgment rendered on the demurrers to the first and second pleas, was a bar in law to the defendant's further progress in the suit.

Having made this full statement of the case, in which more than usual particularity has been observed, because it involves the subject of pleading, we proceed to an examination of the questions of law arising out of it. The special causes of demurrer to the two first pleas have been abandoned, and the appellant must therefore be considered as contending, that those pleas are *substantially* defective. It is the opinion of this court, that the first plea to the avowry is bad in substance, and that *Baltimore* county court ought not to have overruled the demurrer to that plea. The avowry states a demise on the 22d of August 1801, to *Nicholas Reynolds*, for 99 years, by the husband and the wife. It also states the death of the husband on the 25th of November 1819, and the consequent survivorship of the wife, and the accruing of the rent distrained for, after the death of the husband, and during the sub-tenancy of *Ilgenfritz*. The plea in bar of this part of the avowry, traverses a demise by the wife only, in manner and form as therein alleged; and the ready answer is, that no such demise by the wife is alleged in the avowry. The allegation of the avowry points to a demise by *James G. Howard*, and *Mary W. Howard* his wife; the plea responds a demise by *Mary W. Howard* only. The one sets forth a joint demise; the other insists on a separate demise.

And the real question is, does this distinction between the demises mark the defective character of the plea? We are fully impressed with the opinion that it does; and we test it by remarking, that the isssue tendered by this plea is an immaterial issue, and such as would not have been cured by a verdict. It is not a case where a material allegation is traversed inartificially, for then the issue taken upon it would have been informal, and aided after verdict. But it is a case where a material allegation is overlooked by the plea, and a point is traversed, that will not determine the merits of the cause; and, *ex consequenti,* the issue tendered is an immaterial one. And that the issue tendered here is an immaterial issue, is a position that seems to us to be well supported by the case of *Carpenter vs. Stair,* reported in 1 *Roll. Rep.* 86, referred to by 3 *Saund.* 319, (*note* 6.) It was an action of trespass, where the defendant pleaded in bar an award between the plaintiff and J S and the defendant, and several others, that the defendant should pay to the plaintiff and J S, a certain sum in satisfaction of the trespass, and which he had paid to the plaintiff. The plaintiff replied there was no such award between the *plaintiff and defendant,* as the defendant alleged; and on issue joined, and verdict for plaintiff, it was held, he should not have judgment, because he did not traverse the same award set out in the defendant's plea, but put in issue an award which was not alleged in the plea. The position is further illustrated by the case of *Sandbuck vs. Turvey, Cro. Jac.* 585. To debt on bond the defendant pleaded payment of a less sum than the sum mentioned in the condition of the bond; the plaintiff replied, that he did not pay the sum mentioned in the condition of the bond; and verdict, that the defendant did not pay the said sum of the bond; this, says the case, is an immaterial issue, not aided by the verdict, for the plaintiff has not traversed the same payment that is in the defendant's plea.

As to the subject of the second plea, the avowry states, that *Ilgenfritz* for a long time, to wit, for the space of two years ending on the 22d of August 1821, and from thence until, &c. held and enjoyed the said dwelling-house, as a sub-tenant thereof to one *William McMechen;* and the negative allegation of the plea is, that *Ilgenfritz* did not hold and enjoy the said premises, &c. as tenant thereof to the said *Mary,* under

the said supposed demise thereof in the said avowry mentioned, in manner and form as the said *Mary* hath above in her said avowry, in that behalf alleged.   The counsel for the appellant has urged, that the demurrer to this second plea involves a consideration of the point above decided on the first plea; and that as to the second plea it ought to receive a like decision, and the judgment on this demurrer ought to be reversed.   On the most mature reflection we cannot, in this respect, agree. in opinion with the counsel.   The demise referred to in the second plea, is the demise by the husband and the wife; for its language is, "under the said supposed demise thereof in the said avowry mentioned." The rent distrained for is said to have accrued under this demise, after the death of the husband; and to sustain the avowry for it, the wife must establish such a relation between her and the party distrained upon, as may in law constitute him in some degree her tenant.   *Ramsay* in this business is a mere stranger, whose goods and chattels have been found upon the premises, and *Ilgenfritz* is the person who is indirectly asserted to be the tenant whose goods and chattels are liable to the distress.   He is called in the avowry sub-tenant to *William M'Mechen*, the assignee of the lease for 99 years; and if we could for a moment suppose it is thereby meant, that he is in no degree, and for no purpose, the tenant of the avowant, we should incline to think that the avowry is in itself faulty.   On the contrary, if the appellation is used to signify the relationship of landlord and tenant between the avowant and *Ilgenfritz*, which is presumed to have. been its object, it is not inappropriately declared in the plea that *Ilgenfritz* did not hold and enjoy the said premises as *tenant* thereof to the said *Mary*.   And for using this language, the plea is not to be determined to be bad in substance. It is the denial only of a tenancy, which the avowant contends. for, and without establishing which, according to the view we have taken of the subject, she cannot support her avowry.   A traverse of the sub-tenancy would have amounted to the same. thing.

A perfect privity between plaintiff and defendant is not to. be dispensed with in an action of covenant for rent arrear; and. for the want of it the decisions have been, that covenant could

not be sustained against an under lessee. ` Holdford vs. Hatch, Doug. 183. The same degree of privity, it would seem, is not necessary to render a person's goods liable to a distress for rent as a tenant. A distress is rather a remedy upon the land, than on the person of a tenant, although some tenancy must be shown to sustain it. In Bradby on Distresses, 112, it is said, that for the purpose of distraining, a tenancy in effect should subsist, without reference to the manner in which it is created; the only question being, whether the relation between the parties does really constitute a tenancy. And in his next page he states, that the occupation of the under-tenant to the lessee, must indeed, in general, be considered with respect to the lessor, as the possession of his lessee, and therefore, that the goods of such under-tenant are liable to be distrained during the continuance of the original lease. And that such under-tenant is treated as the tenant of the original lessor for the` purposes of a distress, may be seen by a case decided by Lord Ellenborough in the year 1805. It is the case of Forty vs. Imber, 6 East, 435, 436. Upon the whole, we concur with the court below in their opinion in relation to the demurrer to the second plea, and think they were right in overruling it.

There yet remains a question, connected with this case, to be examined by us. The court below refused to direct the jury to try the issue in fact joined by the parties on the third plea. It is contended there is error in this opinion and refusal of the court, and that the jury ought to have been impannelled to try the issue in fact. This depends on the correctness and effect of the judgment pronounced on the demurrers. Where the issues in law, determined against the plaintiff, go to the whole cause of action, they are conclusive, and there can be no occasion to try the issue in fact. 2 Tidd's Pract. 685. The demurrer to the first plea here was incorrectly decided, as we have said above; but the court were right in their opinion on the demurrer to the second plea; and the only point is, whether the issue in law joined in that demurrer goes to the whole cause of action or avowry on this case; and we think it clearly does. The fact admitted by the demurrer is, that Ilgenfritz was not the tenant to the avowant, as in her avowry alleged; and this admission leaves to the avowant the naked case of a

landlord distraining for rent, without any specified tenant distrained upon. *Ilgenfritz* is confessed not to have held and enjoyed the premises as tenant to *Mary W. Howard,* and *Ramsay's* goods found thereon, cannot be taken to satisfy the rent of a man, whose own goods could not be distrained to pay it.

JUDGMENT AFFIRMED.